PROB. 12B
(7/93)

# ORIGINAL



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 1 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  RYAN KAWIKA SONOGNINI    Case Number:  CR 02-00341HG-04

Name of Sentencing Judicial Officer:    The Honorable Helen Gillmor
Chief U.S. District Judge

Date of Original Sentence: 7/26/2004

Original Offense:    Count 1:  CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 500 GRAMS OF COCAINE, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class B felony

Original Sentence:    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of forty-three (43) months.  Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years with the following special conditions:  1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; 3) The defendant shall provide the Probation Office access to any requested financial information; and 4) The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12B
(7/93)

Supervision
Modified:              On 5/17/2006, the Court modified the subject's supervised release
                       by amending the General Condition to allow for random drug
                       testing throughout supervision.  The General Condition was
                       modified as follows:  That the defendant shall refrain from any
                       unlawful use of a controlled substance.  The defendant shall submit
                       to one drug test within 15 days of the commencement of
                       supervision and at least two drug tests thereafter but no more than
                       8 valid drug tests per month during the term of supervision.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  9/14/2005

## PETITIONING THE COURT

[X]     To modify the conditions of supervision as follows:

*Special Condition No. 5*     *That the defendant serve up to 3 months of home detention
                              with electronic monitoring as arranged by the Probation
                              Office.  During this time, the defendant shall remain at his
                              place of residence during non-working hours and shall not
                              leave his residence without the approval of the Probation
                              Office.  The defendant shall wear an electronic monitoring
                              device and follow electronic monitoring procedures pursuant
                              to the Participant's Agreement and shall earn leave as
                              determined by the Probation Office.  The defendant also will
                              be responsible for the payment of the electronic monitoring
                              costs as directed by the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | On 5/20/2006 and 6/24/2006, the subject refused to comply with drug testing. |
| 2. General Condition and Standard Condition No. 7 | On 6/26/2006, the subject submitted a urine specimen that tested positive for marijuana. |
| 3. Standard Condition No. 3 | On 6/26/2006 and 7/5/2006, the subject failed to answer truthfully inquiries of the probation officer. |

Prob 12B
(7/93)

3

During the first few months of supervised release, the subject secured stable employment and appeared to be drug-free. With the exception of receiving a citation by the Honolulu Police Department for driving a vehicle without a valid license, the subject seemed compliant. Furthermore, he participated in substance abuse counseling at Freedom Recovery Service (FRS). However, in April 2006 the subject hurt his back on the job. This injury has kept him out of work and during the past few months, his lack of productivity, appears to have contributed to his noncompliance.

On 5/22/2006, FRS notified our office that the subject failed to report for drug testing on 5/20/2006. Later that day, the subject admitted that he forgot about the drug test and apologized. He was verbally reprimanded and reminded to attend all drug testing.

On 6/26/2006, FRS notified our office that the subject failed to report for drug testing on 6/24/2006. Later that day, the subject reported to the Probation Office. He stated that he mixed up the drug testing days and failed to report for drug testing on 6/24/2006. The subject acknowledged that he has a lot of free time due to his injury status and he has no valid reason for missing his drug tests. Subsequently, he was issued a written reprimand and warned that continued noncompliance would have greater consequences.

Before leaving the Probation Office on 6/26/2006, the subject submitted a urine specimen that tested presumptive positive for marijuana. He denied any drug use; however, he acknowledged that he was around his cousins at the beach who were smoking marijuana. On 7/5/2006, we received laboratory confirmation that the urine specimen submitted on 6/26/2006 was positive for marijuana. Later that day, the subject was questioned regarding the result and he continued to deny using marijuana. After further questioning, the subject admitted that he lied and took two "hits" of marijuana on 6/17/2006 at the beach with his cousins.

The subject was remorseful as he apologized for his actions. As a result of his noncompliance and untruthfulness, the subject agreed to serve up to 3 months of home detention with electronic monitoring. This will serve as a sanction and allow our office to monitor his progress. The subject denied having a drug addiction and stated his marijuana use was an isolated incident. He declined an offer to re-enroll in counseling. His continued participation in random drug testing will allow our office to monitor his compliance and detect if the subject has any issues with substance abuse.

At this time, we respectfully recommend that the Court allow the subject to remain under our supervision and modify his conditions of supervised release by imposing Special Condition No. 5. Should the subject continue to violate, we will immediately notify the Court and recommend appropriate action. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a

Prob 12B
(7/93)

4

hearing and to assistance of counsel. He agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 7/10/2006

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[X]  Other

He needs to work or be student.

HELEN GILLMOR
Chief U.S. District Judge

7.26.06
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

*Special Condition No. 5*        *That the defendant serve up to 3 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

Witness: _____         Signed: _____
JONATHAN K. SKEDELESKI                              RYAN KAWIKA SONOGNINI
U.S. Probation Officer                                       Supervised Releasee

7·6·06
Date