PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 30 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

# United States District Court

### for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RYAN KAWIKA SONOGNINI    Case Number: CR 02-00341HG-04

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 7/26/2004

Original Offense:   Count 1: CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 500 GRAMS OF COCAINE, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class B felony

Original Sentence:  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of forty-three (43) months. Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years with the following special conditions: 1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; 3) The defendant shall provide the Probation Office access to any requested financial information; and 4) The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12B
(7/93)

2

| | |
|---|---|
| Supervision Modified: | On 5/17/2006, the Court modified the subject's supervised release by amending the General Condition to allow for random drug testing throughout supervision. The General Condition was modified as follows: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision. |
| Supervision Modified: | On 7/26/2006, the Court modified the subject's supervised release by imposing the following special condition: 5) That the defendant serve up to 3 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office. |

Type of Supervision: Supervised Release    Date Supervision Commenced: 9/14/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

| | |
|---|---|
| Special Condition No. 6 | That the defendant participate in a mental health program at the discretion and direction of the Probation Office. |
| Special Condition No. 7 | That the defendant is prohibited from the possession and consumption of alcohol for the term of supervised release. |
| Special Condition No. 8 | That the defendant perform fifty (50) hours of community service as directed by the Probation Office. |

Prob 12B
(7/93)

3

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition and Standard Condition No. 7 | On 7/27/2007 and 7/30/2007, the subject submitted urine specimens that tested positive for marijuana. |

During the first few months of supervised release, the subject's adjustment on supervised release appeared to be satisfactory. Specifically, he secured stable employment as a carpenter, and he appeared to be drug-free. However, in April 2006, the subject severely injured his back on the job and was unable to return to work. Thereafter, his unproductive lifestyle appears to have led to his relapse when he submitted a positive drug test for marijuana on 6/26/2006. On 7/26/2006, the Court modified the subject's supervised release due to his marijuana use, untruthfulness, and refusal to comply with drug testing. Consequently, the Court imposed three (3) months of home detention with electronic monitoring (Special Condition No. 5), and ordered that the subject enroll in school or return to work.

Since the modification, the subject completed three (3) classes at Windward Community College in the Fall 2006. He also underwent major back surgery in January 2007. The subject's nurse reported that his back injury is severe and that he will have back pain and discomfort for the rest of his life. Furthermore, she noted that the subject will be on some form of pain management, including narcotic pain medication, indefinitely. At this time, the subject is progressing with his rehabilitation and physical therapy.

Despite his efforts to recuperate, the subject has continued to struggle with marijuana abuse. On 7/27/2007 and 7/30/2007, the subject submitted urine specimens that tested presumptive positive for marijuana. Initially, the subject stated that he uses marijuana as a form of pain management because he doesn't like the side effects of his prescribed narcotic pain medication. According to the subject, he was using marijuana about twice a day for the past two (2) months to help him cope with his back pain. Furthermore, he wanted to request a prescription for medical marijuana, but realized our office would oppose this action. On 8/8/2007, we received laboratory confirmation that both urine specimens were positive for marijuana.

After further questioning, the subject revealed that he also resorts to marijuana as a means of escape from his depression and the reality that he will never be physically capable of obtaining some of his goals. The subject feels stagnant and that he has no direction in life. Compounding the problem is that his doctor has not given him clearance to do anything physically strenuous, and his rehabilitation may take a few more months. His back injury has been a tribulation, and the subject finds it difficult to persevere. Although it was difficult for the subject to discuss his struggles and

Prob 12B
(7/93)

4

psychological problems, he acknowledged that he has known for a while that he needs to address some mental health issues, specifically depression. According to the subject, these issues seemed to exacerbate during his rehabilitation.

Despite the subject's noncompliance, we respectfully recommend that the Court allow the subject to remain under our supervision and modify his conditions of supervised release by imposing the special conditions noted above. As a therapeutic intervention, we have arranged with the subject's case manager for a complete psychiatric evaluation. Should there be any underlying mental health concerns, he will be referred for appropriate services. Special Condition No. 6 will allow our office to monitor his participation in mental health treatment. Regarding his inactivity, the subject has enrolled in the Architectural, Engineering and CAD Technologies (AEC) program at Honolulu Community College. He hopes to pursue an associate degree in architecture and drafting. As long as he remains unemployed due to his injury, he will be required to attend school and pursue a degree that will further his career.

As a punitive sanction for his noncompliance, Special Condition No. 8 will require the subject to perform fifty (50) hours of community service. In addition, this will require the subject to remain productive and utilize his time wisely while he rehabilitates. With respect to Special Condition No. 7, the subject admitted that he needs to abstain from alcohol consumption because it enhances his depression, and as he stated, "It makes me nuts."

By imposing the aforementioned special conditions, the subject will be held accountable for his noncompliance, and at the same time be given an opportunity to address any underlying mental health issues. Based on the fact that the subject has demonstrated the ability and potential to be a productive member of the community, coupled with his motivation to seek professional help for his psychological problems, we request that the Court support this plan of action. Should the subject continue to violate, we will immediately notify the Court and recommend appropriate action.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. He agrees to the modification of the conditions of supervised release. The subject's

Prob 12B
(7/93)

5

attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 8/14/2007

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

HELEN GILLMOR
Chief U.S. District Judge

8·28·07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[x]   To modify the conditions of supervision as follows:

| | |
|---|---|
| Special Condition No. 6 | That the defendant participate in a mental health program at the discretion and direction of the Probation Office. |
| Special Condition No. 7 | That the defendant is prohibited from the possession and consumption of alcohol for the term of supervised release. |
| Special Condition No. 8 | That the defendant perform fifty (50) hours of community service as directed by the Probation Office. |

Witness: _JONATHAN K. SKEDELESKI_
U.S. Probation Officer

Signed: _RYAN KAWIKA SONOGNINI_
Supervised Releasee

8/1/07
Date